UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX GUNAWAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRANSDEV ALTERNATIVE SERVICES, INC.,<br><br>    Defendant. | Case No. 22-cv-04141-HSG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. Nos. 18, 25 |

Pending before the Court is Plaintiffs' motion to remand, Dkt. No. 18 ("Mot."). The motion has been fully briefed. *See* Dkt. Nos. 23 ("Opp."), 24 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** Plaintiffs' motion for remand.[1]

---

[1] Both parties submitted requests for judicial notice. Plaintiffs first request that the Court take judicial notice of several orders in a Southern District of California case. *See* Dkt. No. 18-1. Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, *if those proceedings have a direct relation to matters at issue*." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (emphasis added) (quotations omitted). The Court declines to take judicial notice of these orders because the case does not have a direct relation to the matters at issue. However, the Court does not need to take judicial notice of the orders to consider them as it would any other caselaw presented by the parties.

Defendant requests that the Court take judicial notice of two CBAs. *See* Dkt. No. 23-2. The Court finds that the CBAs are "not subject to reasonable dispute" because they can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court takes judicial notice of the content of the CBAs, but not of the truth of any statement within them.

Plaintiffs also ask the Court to take notice of two State of California Department of Industrial Relations websites which provide information about the historical and current California minimum wage. *See* Dkt. No. 24-1 ("Plaintiffs' Supp. RJN"). The Court takes judicial notice of this "undisputed and publicly available information displayed on government websites." *King v. Cnty.*

# I. LEGAL STANDARD

## A. Federal Question Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a).

Under § 301 of the Labor Management Relations Act of 1974 ("LMRA"), "[s]uits for violation of contracts between an employer and a labor organization ... may be brought in any district court of the United States." 29 U.S.C. § 185(a). As reaffirmed by the Ninth Circuit, the Supreme Court has interpreted the LMRA to authorize federal courts "to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019) (citations omitted). "A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law." *Id.* at 1152 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). Although federal preemption is a defense that does not generally authorize removal to federal court, the Supreme Court has held that § 301 has such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987).

However, § 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Curtis*, 913 F.3d at 1152 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). Further, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 or other provisions of federal labor law." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting *Lueck*, 471 U.S. at 211). Claims which have no relationship to a collective-bargaining agreement "beyond the fact that they are asserted by an individual covered by such an agreement are simply not pre-empted by § 301." *Id.* (citation and quotations omitted). The Ninth Circuit has employed a two-step test to ensure that § 301 preemption "extends only as far as necessary to protect the role of labor arbitration in resolving CBA disputes." *Curtis*, 913

---

*of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018).

F.3d at 1152 (citation and quotations omitted).  First, the court asks whether the asserted cause of action involves a "right [that] exists solely as a result of the CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  "If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Id.* (citing *Lueck*, 471 U.S. at 212). If not, the court proceeds to the second step and asks "whether a plaintiff's state law right is substantially dependent on analysis of [the CBA], which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (citations and quotations omitted and alterations in original).  Interpretation is construed narrowly in this context. *Id.* If claims are dependent on interpretation of the CBA, then the claim is preempted by § 301; if not, the claim may proceed under state law. *Burnside*, 491 F.3d at 1059–60.

### B. Diversity Jurisdiction

"[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states.  28 U.S.C. § 1332(a).

## II. DISCUSSION

Plaintiffs' complaint brings one cause of action: Violation of the Private Attorney Generals Act ("PAGA"): Cal. Lab. Code §§ 2698 *et. seq.  See generally* Dkt. No. 1, Ex. A ("Compl.").  Plaintiffs allege that Defendant:

> (a) failed to provide PLAINTIFFS and the other AGGRIEVED EMPLOYEES accurate itemized wage statements, (b) failed to properly record and provide legally required meal and rest periods, (c) failed to pay minimum wages, (d) failed to pay overtime and sick pay wages, (e) failed to reimburse employees for required expenses, and (f) failed to provide wages when due, all in violation [of several state statutes].

*See* Compl. ¶ 34.

Plaintiffs argue that the case should be remanded because Defendant has failed to establish federal subject matter or diversity jurisdiction. *See generally* Mot.

### C. Federal Question Jurisdiction

#### i. *Burnside* Step One

Defendant argues that "Section 301 of the LMRA preempts the overtime claims under

3

California Labor Code section 510 because [section 514] expressly exempts overtime claims for an employee working under a qualifying CBA." Opp. at 18 (citations omitted). Plaintiffs counter that "Defendant offers no argument that the CBAs expressly provide for hours of work or working conditions" and that "the wages outlined in the CBAs do not guarantee a regular hourly rate of pay of not less than 30 percent more than the state minimum wage" as required by section 514. Reply at 16–17.

The second point is dispositive of this issue. Labor Code § 514 only precludes application of §§ 510 and 511 if the CBA "provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Labor Code § 514. The cited CBAs, however, provide for wages that fail to meet § 514's threshold. *See* Dkt. No. 23-1 ("Kim Decl."), Ex. A, ("Local 853 CBA"), Article 22 (providing for a $12.66 training wage for drivers and aides when the state minimum wage in 2017 for employers with 25 employees or less (the lowest minimum wage) was $10.00/hour, *see* Plaintiffs' Supp. RJN, Exhibit B, at 2); Kim Decl., Ex. B ("Local No. 137 CBA"), Appendix A (providing for an $11.00 wage for employees in training in 2017).[2]

As Plaintiffs point out, "[t]his district has interpreted § 514 to require that a CBA must satisfy the section's requirements with respect to all employees covered by the CBA." *See* Reply at 17 (emphasis omitted) (quoting *Gunther v. N. Coast Coop., Inc.*, No. 20-CV-02325-RMI, 2020 WL 3394547, at *4 (N.D. Cal. June 19, 2020)). "Because the . . . CBA plainly failed to provide a regular hourly rate of pay of not less than 30 percent more than the state minimum wage for at least some employees, Section 514 does not bar Section 510 from applying to plaintiff. As such, plaintiff's asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Huffman v. Pac. Gateway Concessions LLC*, No. 19-CV-01791-PJH, 2019

---

[2] The Opposition represents that each of these CBAs is "one of (many) CBAs applicable to the action." Opp. at 19. But the declaration attaching the CBAs does not actually say this, or even explain the basis for the conclusion that Plaintiffs are covered by the CBAs. *See* Dkt. No. 23-1 (referring to each of the CBAs as "a CBA" without any elaboration). While the Court rejects Defendant's preemption argument even if these are the relevant CBAs, counsel's representation in the brief should have been backed up by its declaration under oath.

4

WL 2563133, at *6 (N.D. Cal. June 21, 2019).

### ii. *Burnside* Step Two

If none of Plaintiffs' rights exist solely as a result of the CBA, courts then assess whether resolving Plaintiffs' claims will require the Court to interpret the CBA. *See Curtis*, 913 F.3d at 1153. Defendant argues that the Court will need to interpret the applicable CBAs because "the broad scope of Plaintiffs' PAGA claims and definition of 'Aggrieved Employees' and 'Defendants' necessarily include all non-exempt Union and non-union employees." Opp. at 19 (emphasis omitted). Defendant goes on to excerpt sections from two CBAs that address overtime. *See id.* But Defendant does not explain what terms the Court will need to interpret or why interpretation (rather than merely "looking to" the CBAs) would be necessary. *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001), *as amended* (Aug. 27, 2001) (explaining that "alleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA"). Defendant's Notice of Removal also only asserts in a conclusory manner that the Court will need to interpret the CBAs to adjudicate the claims. *See* Dkt. No. 1 ("Notice of Removal") ¶ 13 ("Section 301 of the LMRA preempts Plaintiffs' theories because the resolution of Plaintiffs' claims, specifically the alleged Aggrieved Employees' claims, will require interpretation of the CBAs in place during the relevant period, which are governed under the LMRA and the NLRA."). On the record presented, Defendant has not shown that the Court would need to interpret any provision of any CBA to adjudicate Plaintiffs' claims.

The Court therefore finds that Plaintiffs' claims are not preempted by Section 301 of the LMRA.

### D. Diversity Jurisdiction

Defendant also argues that this Court has diversity jurisdiction. *See* Opp. at 9. The Court finds that it does not, because Defendant fails to establish that the amount in controversy is greater than $75,000.

Defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122

(9th Cir. 2013).  As the Court understands Defendant's argument, if it were to aggregate the recoveries at issue across the *named* plaintiffs, they would total to $48,900  ($4,350 + $4,350 + $8,700 + $10, 800.00 + $12,000 + $8,700).  *See* Opp. at 11–15.[3]  Defendant nonetheless argues that "[w]hen aggregating the statutory penalties and attorney's fees Plaintiffs could obtain if they prevail, the amount in controversy more likely than not far exceeds $75,000." Opp. at 15.  In support of this argument, Defendant states that "assuming Plaintiffs' attorneys bill at a flat rate of $350.00 per hour . . . and the attorneys spend a conservative estimate of 200 hours on the case through trial, Plaintiffs would be entitled to substantial attorneys' fees, far beyond $75,000." *Id.* Defendant cites to employment cases in support of its estimates for the number of hours Plaintiffs' attorneys might bill, the number of hours they might spend on the case, and even what the total might be.  *Id.*  But in "PAGA actions, only the named plaintiff-employees' pro rata share of attorneys' fees is considered."  *See Higginbotham v. S. E. Emp. Leasing Servs., Inc*, No. 2:20-CV-00575-KJM-DB, 2020 WL 5535421, at *4 (collecting cases) (E.D. Cal. Sept. 15, 2020). Defendant provides no estimate whatsoever as to what the named plaintiffs' pro rata share of attorneys' fees would be.  Logic suggests that this representative PAGA lawsuit brought on behalf of "all individuals who are or previously were employed by Defendant in California and who were classified as non-exempt employees" starting in January 2021, Dkt. No. 1 at ¶ 7, would cover a significant number of people.  Defendants thus present no basis for concluding (or even assuming) that the named plaintiffs' pro rata share of fees would be large enough to clear the $75,000 jurisdictional threshold when added to their penalties (estimated to total $48,900).  *See Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1049 (N.D. Cal. 2014).

### III.    CONCLUSION

Because Defendant has not met its burden of showing that the requirements for diversity jurisdiction are met, the Court **GRANTS** Plaintiffs' motion and **REMANDS** the case to San Francisco Superior Court.

---

[3] The Court notes that Defendant's calculations in the Opposition are different than its calculations in the Notice of Removal.  *Compare* Opp. at 11-15 *with* Notice of Removal at 7-9.  Regardless, neither set of calculations adds up to more than $75,000 in penalties aggregated across the three named plaintiffs.

This order **TERMINATES AS MOOT** Defendant's administrative motion to have its opposition to Plaintiffs' motion to remand considered timely. The Court considered Defendant's opposition as if it had been timely filed.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  3/17/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge